UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRES GARCIA PERDOMO (A No. 221 489 734),

Petitioner,

v.

WARDEN, MESA VERDE ICE PROCESSING CENTER, et al.,

Respondents.

No.  1:26-cv-1764 DAD CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the Mesa Verde ICE Processing Center (ECF No. 1 at 1) has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 12).  This action was referred to the undersigned by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1).  For the reasons which follow, the court recommends that the amended petition be granted.

I. Facts

Petitioner, a citizen of El Salvador, entered the United States without authorization in 2008.  ECF No. 12 at 2.  He resides in Maryland and has no criminal record.  Id.

Petitioner was encountered by ICE officers, for the first time, on February 15, 2026.  ECF No. 15-1 at 1.  He was arrested by officers conducting "enforcement actions" in Silver Spring, Maryland, charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and transported to

1

a Baltimore ICE field office.  Id. at 2; ECF No. 15-2 at 3.  Petitioner was informed that he would remain in custody until the end of removal proceedings, ECF No 15-1 at 3, and ordered to appear for immigration proceedings to be held in Hyattsville, Maryland on April 23, 2026.  ECF No. 15-2 at 3.  It is not clear when he was transferred to Mesa Verde.

II.  Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III.  Petitioner's Rights Under 8 U.S.C. 1226(a)

Petitioner claims he has a statutory right to a bond hearing under 8 U.S.C. § 1226(a).  As the court recently held in Abasalo v. Warden of Cal. City Det. Cntr, No. 1:26-cv-1491 DAD CKD P, 2026 WL 850747, *2 (E.D. Cal. March 27, 2026) and Galan v. Chestnut, No. 2:26-cv-0288 DAD CKD P, 2026 WL 622215 (E.D. Cal. March 5, 2026), 8 U.S.C. § 1226, rather than § 1225, applies to individuals such as petitioner who were physically present in the United States for some extended period of time before they were encountered and arrested by ICE.  Title 8 U.S.C. § 1226(a) applies to non-citizens "detained pending a decision on whether the [noncitizen] is to be removed from the United States."  8 U.S.C. § 1226(a).  Section 1226(a) "is the default detention statute for noncitizens in removal proceedings[.]"  Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023).  See Castañon-Nava v. DHS, 161 F.4th 1048, 1061 (9th Cir. 2025) (generally speaking, "ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b)").  But see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026)

2

(individuals who have never been formally admitted into the United States and who are arrested in the interior of the country are properly subject to detention under § 1225(b)(2)); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) (same).

Section 1226(a) expressly authorizes release on bond, and its authorizing regulations provide for immigration judges to convene bond hearings.  After arresting a noncitizen, the government "may continue to detain the arreste[e]" until a final removal decision is made or "may release" them on "bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)-(2).  If a noncitizen wishes to contest the initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1).  By not providing petitioner a bond hearing under 8 U.S.C. § 1226(a), respondents are violating petitioner's federal rights.[1]

The court notes petitioner seeks either a bond hearing, or release.  ECF No. 12 at 11. Petitioner provides no authority as to whether he is entitled to an order of release and it is his burden to establish a basis for habeas corpus relief.  Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004). Considering § 1226(a)'s discretionary detention framework, and the absence of any prior release on bond pursuant to § 1226(a), an order directing respondents to provide a bond hearing is the appropriate remedy.  See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings);  Rodriguez v. Bostock, 779 F. Supp. 3d 1239, 1263 (W.D. Wash. 2025) (explaining "the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting his request for a bond hearing under Section 1226(a)[.]").

IV.    Remedy

In light of the foregoing, the court will recommend respondents be ordered to provide a bond and custody redetermination hearing within 7 days.  At the hearing, petitioner bears the burden of establishing that he is not a flight disk or a danger to the community.  See Rodriguez

---

[1] Because the court agrees with petitioner that respondents have not complied with 1226(a) in failing to provide plaintiff with a bond hearing, the court need not address petitioner's other arguments as to why he is entitled to a bond hearing.

Diaz v. Garland, et al., 53 F.4th 1189, 1210-11 (9th Cir. 2022) (holding that § 1226(a), which places the burden of proof on the detainee at a bond hearing, is constitutionally adequate); J.S. v. Wofford, No. 1:25-CV-02016 DC SCR, 2026 WL 125258, *8 (E.D. Cal. Jan. 16, 2026), report and recommendation adopted, No. 1:25-CV-02016 DC SCR (HC), 2026 WL 297304 (E.D. Cal. Feb. 4, 2026).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The amended petition for writ of habeas corpus (ECF No. 12) be GRANTED.

2. Respondents' motion to dismiss (ECF No. 15) be DENIED.

3. Petitioner be released from custody unless, within 7 days, petitioner is provided with a bond hearing before an immigration judge where petitioner fails to establish he is neither a flight risk nor a risk to the community.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within **seven (7)** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 17, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
perd1764.imm.frs

4