UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GARCIA PERDOMO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE MESA VERDE DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-01764-DAD-CKD<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION IN PART, GRANTING PETITIONER'S AMENDED PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING RESPONDENTS' MOTION TO DISMISS<br><br>(Doc. Nos. 12, 15, 17) |

Petitioner Andres Garcia Perdomo, A-File No. 221-489-734, is a federal immigration detainee proceeding through counsel with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 17, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's amended petition for writ of habeas corpus (Doc. No. 12) be granted. (Doc. No. 17.) Specifically, the magistrate judge found that petitioner is not subject to detention pursuant to 8 U.S.C. § 1225(b) and that he is accordingly entitled to a bond hearing before an immigration judge. (Doc. No. 17 at 2–3.) The pending findings and recommendations

1

were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 4.)

On April 24, 2026, respondents filed their objection to the pending findings and recommendations. (Doc. No. 18.) Therein, respondents argue that petitioner is subject to detention pursuant to § 1225(b). (*Id.* at 1.) Respondents made the same argument in their motion to dismiss. (Doc. No. 15.) On April 26, 2026, petitioner filed a response to respondents' objection in which petitioner maintains his detention is unlawful for the reasons stated in his amended petition and in his opposition to respondents' motion to dismiss. (Doc. No. 19.)

As noted above, respondents have argued only that petitioner is subject to detention pursuant to § 1225(b). (Doc. No. 12 at 1–2.) The court adopts the magistrate judge's reasoning in rejecting this argument. (Doc. No. 14 at 4–5.) While petitioner requested his immediate release in his amended petition (Doc. No. 12 at 17), the magistrate judge limited the recommended relief to a bond hearing because petitioner did not provide legal authority establishing that he was entitled to his release (Doc. No. 17 at 3). However, respondents have failed to identify any other statutory provision under which petitioner may be legally detained. The court therefore finds that petitioner has demonstrated that his detention pursuant to 8 U.S.C. § 1225(b) is unlawful and that respondents have not demonstrated that his continued detention is authorized by statute.[1] The court concludes that the appropriate remedy is the immediate release of petitioner. *See Cardenas v. Chestnut*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871, at *1 (E.D. Cal. Mar. 20, 2026) (ordering immediate release of the petitioner where the respondent failed to identify an applicable detention statute to justify the petitioner's detention); *see also Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) ("Given that the government does not assert any other basis for petitioner's detention and does not argue that

/////

---

[1] Even if respondents had argued that petitioner may be detained pursuant to § 1226(a), the undersigned has previously explained that a petitioner may not be properly detained pursuant to § 1226(a) without a warrant. *See Mayen v. Warden, California City Det. Center*, No. 1:26-cv-02354-DAD-AC, 2026 WL 1158217, at *2 (E.D. Cal. Apr. 29, 2026) (ordering immediate release of the petitioner). There is no evidence before the court suggesting petitioner was properly detained pursuant to § 1226(a) with a warrant.

2

petitioner presents a flight risk or danger, the appropriate remedy is petitioner's immediate release.").

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.

For the reasons above.

1. The findings and recommendations issued on April 17, 2026 (Doc. No. 17) are ADOPTED IN PART;

2. Respondents' motion to dismiss (Doc. No. 15) is DENIED;

3. Petitioner's amended petition for writ of habeas corpus (Doc. No. 12) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner Andres Garcia Perdomo, A-File No. 221-489-734;

   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner absent exigent circumstances without providing petitioner notice and a pre-detention hearing before an immigration judge, at which the applicable burden will be pursuant to 8 U.S.C. § 1226(a);

4. The Clerk of the Court is directed to serve this order on the Mesa Verde Detention Facility;

5. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 7, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3